NOT FOR PUBLICATION                                    [Docket No. 16, 32]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| LEE J. HORNUNG,<br><br>             Plaintiff,<br><br>     v.<br><br>WEYERHAEUSER COMPANY, INC.,<br>ABC COMPANIES 1-5, and JOHN<br>DOE(S) I-X<br><br>             Defendants. | Civil No. 06-CV-2300 (RMB)<br><br>**OPINION** |

APPEARANCES:

Gary F. Piserchia
Damen J. Thiel
Parker McCay P.A.
7001 Lincoln Drive West
Three Greentree Centre, Suite 401
Route 73 & Greentree Road
Marlton, NJ 08053
        Attorneys for Plaintiff

Kimberly E. Lunetta
Richard G. Rosenblatt
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540
        Attorneys for Defendant Weyerhaeuser Company


**BUMB**, United States District Judge:

**INTRODUCTION**

    This matter comes before the Court upon Defendant

Weyerhaeuser Company, Inc.'s ("Weyerhaeuser") motion for reconsideration of the Court's Order dated September 21, 2007, denying summary judgment in part. For the reasons discussed below, Defendant's motion to reconsider is granted; however, upon reconsideration of Defendant's motion for summary judgment, the Court finds that summary judgment should still be denied in part.

**BACKGROUND**

Because the parties are familiar with the facts in this case, the Court will only recite those relevant to the disposition of the motion to reconsider and those relied on in reconsidering summary judgment.

Plaintiff filed the current lawsuit against Defendant Weyerhaeuser on April 22, 2006, alleging retaliatory discharge in violation of the New Jersey Conscientious Employee Protection Act ("CEPA") and related common law claims. Defendants moved for summary judgment on December 11, 2006. [Docket No. 16]. On December 21, 2006, upon the parties' consent, United States Magistrate Judge Donio entered a Consent Order staying discovery pending the outcome of Defendant's motion for summary judgment. [Docket No. 17].

In an opinion dated September 21, 2007 ("Summary Judgment Opinion"), this Court denied summary judgment as to Plaintiff's CEPA claim, explaining that in light of the incomplete discovery,

Plaintiff needed an "opportunity to develop the record" on the issue of "whether Plaintiff actually believed his supervisor was engaged in criminal activity at the time he reported the violations..."  Summary Judgment Opinion at 9 [Docket No. 29].[1] Defendant now moves the Court to reconsider its decision concerning the CEPA claim, arguing that the Court overlooked the language of the Consent Order, where Plaintiff represented that no further discovery was needed to respond to Defendant's summary judgment motion.

**MOTION TO RECONSIDER**

    **A)   Applicable Standard**

A motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" Bracket v. Ashcroft, 2003 U.S. Dist. LEXIS 21312 at *5 (D.N.J. Oct. 7, 2003).  There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  See Carmichael v. Everson, No. 03-4787, 2004 U.S. Dist. LEXIS 11742, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004);

---

[1] The Court granted Defendant summary judgment as to Plaintiff's common law claims on grounds that they were barred by the CEPA waiver.  Naturally, Defendant does not ask the Court to reconsider this part of the decision.

Brackett v. Ashcroft, No. Civ. 03-3988, 2003 U.S. Dist. LEXIS 21312, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" Oritani S & L v. Fidelity & Deposit, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

Overall, the moving party must show "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. P. Schoenfeld Asset Mgmt., 161 F. Supp. 2d 349, 353 (D.N.J. 2001); Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987). The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting New York Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

**B) Analysis**

Defendant urges the Court to reconsider the motion for summary judgment because Defendant believes the Court overlooked the Consent Order entered on December 21, 2006. (Def. Reconsid. Br. at 1, 3). In response, Plaintiff argues that the Court did not overlook the Consent Order because it cited to the Consent Order on page 9 of the Summary Judgment Opinion.

Although Plaintiff is correct that the Court cited the Consent Order in its opinion for purposes of noting the stay of discovery, Defendant brings to light the following language in the Consent Order: "the parties hav[e] represented that <u>additional discovery is not required</u> in order to properly and fully respond to Defendant's pending Motion..." Consent Order at 1 (emphasis added). The Court acknowledges that it overlooked this particular language and also notes that neither party brought this language to the Court's attention prior to disposition of Defendant's summary judgment motion.[2]

As set forth in the opinion, this Court denied Defendant summary judgment as to Plaintiff's CEPA claim because discovery was incomplete. Summary Judgment Opinion at 9. However, in light of Plaintiff's representation in the Consent Order that "additional discovery is not required in order to properly and fully respond to Defendant's pending Motion[,]" incomplete discovery was not proper grounds on which to deny summary judgment. Thus, Defendants' motion to reconsider is granted and the Court will now reconsider the merits of the summary judgment motion.

---

[2] The Court also notes that Plaintiff, in his opposition to the Reconsideration Motion, attempts to seize upon the Court's ruling in his favor and create confusion as to his understanding of the Consent Order. In this Court's view, the Consent Order could not be clearer: Plaintiff represented that no further discovery was needed to address the summary judgment motion.

**SUMMARY JUDGMENT**

    **A)   Applicable Standard**

Summary judgment shall be granted if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Hersh v. Allen Products Co., 789 F.2d 230, 232 (3d Cir. 1986).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In making this determination, a court must make all reasonable inferences in favor of the non-movant."  Oscar Mayer Corp. v. Mincing Trading Corp., 744 F. Supp. 79, 81 (D. N.J. 1990) (citing Meyer v. Riegel Prods. Corp., 720 F.2d 303, 307 n.2 (3d Cir. 1983)). "At the summary judgment stage the judge's function is not...to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

    **B)   Analysis**

While Defendant correctly points out the burden-shifting nature of summary judgment, the burden does not shift to Plaintiff until and unless Defendant has met its burden of proving that there is no issue of fact requiring trial.  Fed. R. Civ. P. 56(e) ("[w]hen a motion for summary judgment is made and

6

<u>supported</u> as provided in this rule, an adverse party...must set forth specific fact showing that there is a genuine issue for trial") (emphasis added); <u>Anderson</u>, 477 U.S. at 256 ("[t]he movant has the burden of showing that there is no genuine issue of fact"). Thus, even if Plaintiff fails to bring forth record evidence in support of his allegations, summary judgment may still be denied if Defendant did not meet its initial burden.

In support of summary judgment, Defendant points to various excerpts of Plaintiff's 1996 and 2006 depositions to show that Plaintiff "believed his supervisor's conduct was a 'violation of Weyerhaeuser's conflict of interest policy.'" (Def. Reconsid. Br. at 7). However, unethical conduct and illegal conduct are not mutually exclusive. In other words, Plaintiff's testimony that he believed the conduct violated company ethics policy does not necessarily show that Plaintiff did <u>not</u> believe the conduct was also illegal. The problem lies in the way Defendant's questions were phrased. For example, Defendant cites the following excerpts from Plaintiff's 2006 deposition:

> Q: Did you think that Mr. Cameron's conduct was a <u>violation of Weyerhaeuser's conflict of interest policy</u>?
> A: I believe that, <u>yes</u>.

<u>Pl. 2006 Dep.</u> at 37:15-25 (emphasis added).

> Q: But am I correct that it was your belief, and remains today, that the reason for your termination [...] was because you complained about a <u>conflict of interest in violation of the company's conflict of interest policy</u>?
> A: I believe that, <u>yes</u>.

Pl. 2006 Dep. at 38:25-39:6 (emphasis added).

(Def. Reconsid. Reply Br. at 6).

These questions confirm only that Plaintiff believed his supervisor's conduct violated company policy; they say nothing about whether Plaintiff believed the conduct was illegal. Defendants cite no testimony that Plaintiff did <u>not</u> believe Mr. Cameron's behavior was criminal/illegal.

Given the dearth of directly relevant testimony otherwise, as well as the nature of the conduct at issue, a reasonable jury could infer that Plaintiff <u>did</u> believe the conduct was illegal. Making "all reasonable inferences in favor of the non-movant" at this stage, the Court must resolve this issue in favor of Plaintiff. <u>Oscar Mayer Corp.</u>, 744 F. Supp. at 81 (internal citation omitted). If Defendant had pointedly asked the question, "did you believe the conduct was illegal?" and received a negative answer, the resolution would be different, but that is not the case.

Furthermore, not only does Defendant's reliance on the above testimony fail to prove it is entitled to summary judgment, it also shows Defendant's apparent attempt to limit the scope of Plaintiff's testimony to spin the testimony in Defendant's favor. As set forth above, this actually results in a reasonable inference in favor of Plaintiff.

Because Defendant failed to show that there is no triable

issue of fact, summary judgment is not appropriate.  The issue of whether Plaintiff believed his supervisor's conduct was illegal/criminal is a factual question for a jury to decide.  Indeed, the very nature of the dispute – i.e., what Plaintiff believed – is a credibility determination that cannot be resolved by the Court on summary judgment.  Thus, upon reconsideration, Defendant's motion for summary judgment is still denied.

**CONCLUSION**

For the aforementioned reasons, this Court holds that the Defendant's motion for reconsideration is granted.  However, upon reconsideration of Defendant's motion for summary judgment, such motion remains denied in part.  An appropriate Order will issue this date.

Dated:  November 8, 2007              s/Renée Marie Bumb
                                      RENÉE MARIE BUMB
                                      UNITED STATES DISTRICT JUDGE